The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jan N. Pittman. The appealing party has shown good ground to reconsider the evidence. The Full Commission reverses the Deputy Commissioner's Opinion and Award and enters the following Opinion and Award.
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as
STIPULATIONS
All stipulations contained in the Pre-Trial Agreement are incorporated herein by reference.
* * * * * * * * * * *
The Full Commission rejects the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Plaintiff is a 47-year-old right-handed female who began working for defendant-employer as a shift manager in the kitchen at a textile mill in January 1989. Prior to working for defendant-employer, plaintiff worked in the same position for "4-C's" for 3 years, which was the owner predecessor to defendant-employer.
2. In carrying out her job duties, plaintiff performed general kitchen duties from 2:30 p.m. to 11 p.m. Her duties included making five gallon buckets of tea while mixing sugar in it; pouring the tea into serving urns; reading the menu for the day and then going to the stock room to retrieve the appropriate cans of food, at first using an old manual opener and later an electric one to open the 6 to 15 cans; putting the food on the stove approximately every 10 minutes until 5:30 p.m.; putting the food on the steam table; dipping up ice from an ice machine with a five-gallon bucket; running the electric cash register for two periods — 5:45 p.m. to 6:15 p.m. and 7:45 p.m. to 9:00 p.m.; cleaning the stove and cooking area with a rag while cooking; breaking down steam tables; cleaning the pans; loading the dishwasher; squirting the pans with water; cleaning the food trays with the rags; and counting the receipts at the end of the day.
3. Plaintiff began experiencing wrist pain and numbness in January 1991 and first sought medical treatment from Dr. Covington for such complaints in July 1991.
4. Despite her complaints of wrist pain and numbness, plaintiff continued to work for defendant-employer performing her regular job duties until March 17, 1992 at which time she voluntarily resigned her job for personal reasons.
5. Plaintiff has been clinically diagnosed by Dr. Covington as suffering from bilateral carpel tunnel syndrome based on positive Phalen's testing and her clinical history. Dr. Covington also found that plaintiff's bilateral carpel tunnel syndrome was in fact caused by the job duties she had to perform repetitively.
6. Dr. Naso's opinion differs from that of Dr. Covington on the issue of causation. The Full Commission affords greater weight to the opinion of Dr. Covington, plaintiff's treating physician than that of Dr. Naso who has only had limited contact with plaintiff.
7. The evidence of record shows that plaintiff's employment with defendant-employer placed her at an increased risk of developing carpel tunnel syndrome as compared to members of the general public not so employed.
8. The Full Commission finds that there is no medical evidence in the record to indicate whether plaintiff suffers from any permanent partial disability to her wrists.
* * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff suffers from an occupational disease which is due to causes and conditions which are characteristic of and peculiar to her employment with defendant-employer, excluding all ordinary diseases to life to which the general public is equally exposed outside of said employment. However, plaintiff has not proven that she suffered any disability as a result of her occupational disease. N.C. Gen. Stat. § 97-53(13).
2. Plaintiff is entitled to have defendants' pay for all medical treatment arising from this occupational disease to the extent said treatments tends to effect a cure, give relief or lessen plaintiff's occupational disease. N.C. Gen. Stat. § 97-25.
3. Additional medical evidence is needed to determine if plaintiff's suffers from any permanent partial disability to her wrists.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission reverses the holding of the Deputy Commissioner and enters the following
AWARD
1. Plaintiff is entitled to have defendants' pay for all medical treatment arising from this occupational disease to the extent said treatments tends to effect a cure, give relief or lessen plaintiff's occupational disease. N.C. Gen. Stat. § 97-25.
2. Defendants shall pay costs.
ORDER
IT IS THEREFORE ORDERED that this case is remanded to a Deputy Commissioner for a determination of what amount, if any, of permanent partial disability is due the plaintiff. Either party may bring this matter for hearing by the filing of a Form 33, Request for Hearing.
2. Defendants shall pay costs.
 S/ ________________________ COY M. VANCE COMMISSIONER
S/ ________________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER